### GEORGE H. RYDER *vs.* HARRY K. PERKINS.

Suffolk. December 1, 1914. — December 30, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Parent. Marriage and Divorce.*

After the decree in a divorce suit has given the custody of children to their mother, the legal liability of the father of the children for their support and care depends upon and is limited by the terms of that decree.

Where a decree in a divorce suit gave the custody of two children to their mother and ordered the father to pay "$10 per week for the support of the two children named in said libel, and further the expense of necessary medical attendance to be rendered to said children by Dr. B," and where, by agreement of the parents, after the death of Dr. B, Dr. J was substituted as the medical attendant of the children, an eye specialist, who was employed by the mother on the recommendation of Dr. J to prescribe for one of the children, cannot recover from the father his reasonable charges for necessary services thus rendered, because they are not included in the terms of the decree defining the father's liability nor in the agreement of the parties to the divorce suit substituting Dr. J for Dr. B.

CONTRACT to recover $20 for professional services rendered to the defendant's minor son. Writ in the Municipal Court of the City of Boston dated March 26, 1912.

On appeal to the Superior Court the case was heard by *Raymond*, J., without a jury. The following facts appeared at the trial.

Nellie M. Perkins secured a divorce from the defendant on June 4, 1907. By the terms of the decree, among other things, it was provided that the defendant "shall pay to the libellant the sum of One Thousand ($1000) Dollars in lieu of alimony and further the sum of Ten ($10.00) Dollars per week for the support of the two children named in the libel, and further the expense of necessary medical attendance to be rendered to said children by Dr. Burley." It further was provided by the decree that the libellant (the mother) should have the custody of the children until the son became ten years of age. The decree was prepared and agreed to by both parties and was approved by the court.

Dr. Burley, the physician mentioned in the decree, was a general practitioner and died some time after the decree.

After the death of Dr. Burley, the mother, with the approval of

the defendant, always employed some general practitioner to look after the medical needs of the children and, at the time that the services named in the declaration were rendered, Dr. Johnson, who was a general practitioner, had been agreed upon by the parties to take the place of Dr. Burley and was attending upon the children of the defendant. In 1911, while Dr. Johnson was looking after the medical needs of the children, the son, who was then about three years of age, had some trouble with his eyes, and the mother on the recommendation of Dr. Johnson employed the plaintiff, who was an eye specialist and who prescribed for the son. It was agreed that the services rendered were necessary and that the charges were fair and reasonable. The employment of the plaintiff was unknown to the defendant and was without his request or sanction.

The defendant offered no evidence, but asked the judge to rule that upon all the evidence the finding must be for the defendant. He asked the judge to rule that upon the evidence the plaintiff could not recover because the parties to the divorce decree had appointed and selected Dr. Johnson to act in the place of Dr. Burley, deceased; that by appointing, selecting and paying Dr. Johnson the libellee had complied with the terms of the decree; that by the terms of the decree Dr. Burley was designated as the one to render the "necessary medical attendance;" that, the parties having by the decree limited themselves, the defendant could not be held in this action; that, the parties having seen fit to limit themselves under the terms of the decree, the only remedy was by having the decree amended to fit the new conditions.

The judge refused to rule or find as requested and found for the plaintiff in the sum of $20. The defendant alleged exceptions.

*R. H. O. Schulz,* for the defendant, submitted a brief.

*C. S. Ward,* for the plaintiff.

DE COURCY, J. The decree in the divorce libel of Nellie M. Perkins v. Harry K. Perkins, so far as material to the present action, ordered that the libellee should pay "the sum of ten dollars ($10.00) per week for the support of the two children named in said libel, and further the expense of necessary medical attendance to be rendered to said children by Dr. Burley." By reason of the death of Dr. Burley, such medical attendance as was necessary for the children was being rendered by Dr. Johnson, with

the consent of both parents. Dr. Burley was, and Dr. Johnson is, a general practitioner. The plaintiff is an eye specialist, and was employed by the mother on the recommendation of Dr. Johnson to prescribe for one of the children, who had some trouble with his eyes.

It is stated in the exceptions that the employment of the plaintiff was unknown to the defendant and without his request or sanction. It is not contended that Dr. Johnson had any greater authority to bind the defendant than he would have had if the decree had been modified and his name had been substituted therein for that of Dr. Burley. The decree in the divorce case gave the custody of the children to their mother, Nellie M. Perkins. Thereafter the legal liability of the defendant for their support and care was dependent upon and limited by the terms of that decree. *Brow* v. *Brightman*, 136 Mass. 187.

If the decree had provided that the defendant should pay "the expense of necessary medical attendance to be rendered to said children," and stopped there, the plaintiff doubtless could recover, as admittedly the services he rendered were necessary and the charges reasonable. But the decree expressly limits the defendant's liability to the payment for services that should be rendered by Dr. Burley. The agreement of the parties went no further than to substitute Dr. Johnson for Dr. Burley. There is no ambiguity or uncertainty about the meaning of the decree. Unless and until it is modified by the Superior Court the defendant is not legally liable for the services of a specialist, rendered without his consent, and he was entitled to the rulings requested. The entry must be

*Exceptions sustained.*