HARRY MILLER'S (dependent's) CASE.

Suffolk.　December 11, 1922. — March 2, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* Dependency, Procedure. *Parent and Child.*

There is nothing in the language, history or purpose of G. L. c. 273, § 8, to change the meaning, established by the common law, of the words, "legally bound to support," in G. L. c. 152, § 32, cl. d.

If a deceased employee had been divorced from his wife under a decree which gave the custody of a minor child under sixteen years of age to the mother and directed the father to pay to the mother a certain amount per week for the child's support, the employee is not "legally bound to support" the child although he has not made the payments called for by the divorce decree and although, if he had made them, such payments would not have been sufficient for the child's support; and therefore such child is not under G. L. c. 152, § 32, cl. d, "conclusively presumed to be wholly dependent for support upon" the deceased employee.

Upon an appeal from a decree of the Superior Court adjudging that, in the circumstances above described, the child was conclusively presumed to have been wholly dependent upon the deceased employee for support but not passing upon nor determining the further question, whether as matter of fact the claimant was partly dependent for support upon her father at the time of his death, the decree was reversed, and the court ordered that leave be given to the minor child, if so advised, to apply to the Superior Court to have the case recommitted to the board for the determination of such further issue.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decree of the Industrial Accident Board, with accompanying record, that there was due to Alice Miller, minor child of Harry Miller, deceased, by reason of his death while in the employ of George Greenough, an immediate payment of $100 for the funeral expenses of the employee and weekly payments of $10 for a period of three hundred and ninety weeks, subject to the provisions of the act.

In the Superior Court, the case was heard by *Sanderson*, J. Material facts are described in the opinion. By order of the judge a decree was entered that the claimant "was dependent" upon her father "for her support and maintenance," and that the payments specified in the decision of the Industrial Accident Board should be made by the insured. The insurer appealed.

The case was submitted on briefs.

*J. F. Scannell*, for the insurer.

*J. J. Shaughnessy*, for the claimant.

DE COURCY, J. A final decree of divorce from her husband, Harry Miller, was entered in favor of Etta M. Miller on June 7, 1912; the custody of their minor child, Alice, was awarded to the mother, and Miller was ordered to pay her $3 a week for the support of said child. He never made any payment; and the amount, if paid, admittedly would be insufficient for the support of the minor. It does not appear that the statutory provisions ever were invoked to compel such payment, or to increase the amount payable. See R. L. c. 152, §§ 25, 29. G. L. c. 208, §§ 28, 33, 35, 36, 37. Mrs. Miller remarried, and the daughter lived with her and her second husband. On January 25, 1922, Miller, while an employee of the subscriber George E. Greenough, received an injury in the course of and arising out of his employment, which resulted in his death on the same day. The minor child, Alice Miller, brought these proceedings under the workmen's compensation act. The Industrial Accident Board ruled that the claimant "was at the time of her father's death conclusively presumed to have been wholly dependent upon him for support" and made an award in accordance therewith. The insurer appealed from the decree of the Superior Court, which adopted the award of the board. The correctness of the above ruling is practically the only question raised by the insurer's appeal.

The compensation act provides that among those who "shall be conclusively presumed to be wholly dependent for support upon a deceased employee" are "Children under the age of sixteen years . . . upon a parent who was at the time of his death legally bound to support although living apart from such child or children." G. L. c. 152, § 32, cl. d. It is to be noted that the claimant was not only living apart from the deceased employee, but was so living under the decree entered by the Superior Court in said divorce proceedings. R. L. c. 152, § 25 (now G. L. c. 208, § 28). In the similar case of *Brow* v. *Brightman*, 136 Mass. 187, it was decided that the father of a minor child is not liable for its support after the custody of the child has been given to the mother by a decree of the court in a libel for divorce. The court said: "With these decrees in force, he had no right, either to take the child and support it himself, or to employ any one else to support it, without the mother's consent. The wife had no authority to bind the defendant by a contract for the support of the child, and no contract can be implied upon which the plaintiff can recover in this action. The remedy to secure such provision for the support of the child as the defendant might have the ability to furnish, was under a decree of this court, which it had ample authority to make, . . . as part of the original decree, or at any subsequent time." Again, in *Ryder* v. *Perkins*, 219 Mass. 525, it was held that a father is not liable for necessary medical services rendered to his minor child after its custody has been given to its mother in a divorce proceeding; but that his legal liability is dependent upon and limited by the terms of the decree ordering him to pay a stated sum per week for the support of the children. See also *Hancock* v. *Merrick*, 10 Cush. 41; *Foss* v. *Hartwell*, 168 Mass. 66.

Under the workmen's compensation act in its original form (St. 1911, c. 751, Part II, § 7), the fact that the claimant was not living with her father at the time of his death would in itself have excluded her from the class of persons conclusively presumed to be wholly dependent for support upon the deceased employee. *Moran's Case*, 234 Mass. 152. The amendment to the act under which she claims (St. 1919, c. 204), extended the presumption to certain children living apart from the employee at the time of his death; but only when he was then "legally bound to support"

such children. It must be assumed that the Legislature in using the quoted words, was not creating a new and enlarged obligation on the part of a father to support his minor children, but was merely referring to and embodying the existing and long established law of this Commonwealth, under which the obligation to support is largely dependent upon the right to custody. We cannot enlarge the scope of this amendment by reading into it language which would materially change the existing law, and extend the civil legal obligation of a father to support to a case like the present, where the custody of the child has been awarded to the mother, and the father ordered to pay a stated sum weekly for its support.

The Industrial Accident Board based its ruling largely upon the language of the uniform desertion act, now embodied in G. L. c. 273, § 8, which reads as follows: "In proceedings under section one against a parent, relative to any minor child, it shall not of itself be a defence that the defendant has ceased to have custody or the right to custody of such child on his own acquiescence or by judicial action." The board assumed that this statute determined the general civil obligation of a father to support his minor child. Apparently the section relied on relates only to criminal prosecutions against deserting husbands, under § 1. An examination of the history of this legislation makes it manifest that such was the intention of the Legislature. The original uniform desertion act, St. 1911, c. 456, contained no such provision. In the "Report on Criminal Remedies in Massachusetts for Failure to Furnish Support," published by the Association of Justices of District, Police and Municipal Courts, in August, 1916, it was said, (Report No. 7, page 16,) "Under the Massachusetts rule, the taking of custody from the father appears to terminate the common law obligation, and the only obligation remaining upon him is that which may arise from the decree of the court awarding the custody. *Ryder* v. *Perkins*, 219 Mass. 525. That obligation the criminal courts are not authorized to enforce." The Legislature of 1917 (c. 163) preserved the criminal remedy for non-support in such cases by enacting the following statute: "In any criminal prosecution or proceeding against a father for failure to support his minor children brought in any court whatsoever, it shall not be a defence that a divorce has been decreed between

the defendant and his wife and that the custody of the children has been granted to her." The original petition to the Legislature was accompanied by a proposed bill containing two sections. The language of the second section was substantially embodied in said chapter 163. The first proposed section expressly provided that the father should be liable "in any civil action or proceeding in any court whatsoever" for the support of his legitimate minor children, although a divorce has been decreed to his wife and the custody of the children granted to her. The bill when first reported was substantially in the proposed form; it was later recommitted, and a new bill reported which eliminated the section relating to civil actions; and this was enacted as c. 163. See House Bill No. 1672, 1798. Journal of the House of Representatives 1917, 130, 361, 390, 431, 566, 687, 721. The element of civil liability, thus expressly eliminated, was not referred to in the subsequent amendments of the 1917 act. St. 1918, c. 257, § 455, added to the act the words, "or that such father has ceased to have custody of his children on his own acquiescence or by judicial action." The act as amended now appears in G. L. c. 273, § 8.

There is nothing, then, in the language, history or purpose of said § 8 to warrant the inference that the Legislature intended thereby to change the established meaning of the words "legally bound to support" as they are used in said § 32, cl. d of the workmen's compensation act. The ruling of the board was wrong, and the decree of the Superior Court based thereon must be reversed.

The further question, whether as matter of fact the claimant was partly dependent for support upon her father at the time of his death, was not passed upon by the Industrial Accident Board, and is not before us for consideration. Without intimating any opinion on that subject, if the claimant be so advised, she may apply to the Superior Court to have the case recommitted to the board for the determination of that issue.

*Decree accordingly.*