Jones, P. J.
In this action plaintiff seeks to recover for board and lodging furnished by plaintiff to defendant’s minor son from June 10, 1932 to September 27, 1938.
Defendant’s answer is a general denial.
It appeared uncontradicted that under date of December 1, 1930, the defendant was granted a divorce from his wife Margaret K. Sparks, which became final June 2, 1931. That by the same decree the plaintiff was given custody of the minor son of the defendant and the defendant was ordered to pay to said libellee for her support and that of the minor son the sum of eleven dollars each and every week until the further order of the court. Said Margaret K. Sparks died July 25, 1932 and the defendant made no more, payments. The plaintiff retained custody of the *184 minor son of the defendant and provided support for him thereafter up to September 27, 1938, and brings this action to recover for the same. The plaintiff never made any demand for payment on the defendant until a few weeks before bringing suit. No arrangement other than as appears above was ever made between plaintiff and defendant for payment for the board and lodging furnished as above.
The plaintiff testified that she expected to be paid for support furnished the defendant’s son. There was evidence warranting a finding that the worth of the board and lodging furnished to the son was five dollars a week.
The defendant duly requested, among other rulings,—
1. The Probate Court having made a decree relative to the support of the defendant’s child, which was to continue until further order of the court, the plaintiff’s remedy is under a decree of that Court which it had ample authority to make as part of the original decree or at any time subsequent.
2. The decree of the Probate Court having limited the defendant’s liability to payments to the libellee the defendant is not legally liable to the plaintiff unless and until the Probate decree is modified.
Gr. L. Ter. Ed. c. 208, sec. 28, provides that,—
“upon decree of divorce . . . the court may make such decree as it considers expedient relative to the care, custody and maintenance of the minor children of the parties ... or may award their custody to some third person if it seems expedient or for the benefit of the children”.
In consequence of and pursuant to this statute such course was pursued in this case and the custody of the child in question was given to the plaintiff, while the payment of a certain sum of money was ordered to the wife for the support of herself and child. If the mother had *185 continued to live the probability is that this weekly sum would have been paid. As the order was to pay to the wife, her death occurring, there was no one authorized to receive the money and no amount fixed for the child.
It is undoubtedly the law of this Commonwealth that after a decree such as we have in this case, the common law liability of a father to support his child (excepting under the order) has come to an end; his obligation in this respect is determined by the decree. Greeley v. Greeley, 258 Mass. 460, 463.
It is said in the case cited, “if the father is deprived of the custody of his child by order of court, it is held in this Commonwealth that the common law duty to support ceases and, apart from statute, his obligation in this respect is then to be determined by judicial decree”. Brown v. Brighton, 136 Mass. 187. Stone v. Duffy, 219 Mass. 178. Miller’s case, 244 Mass. 281, 283.
Such was also the decision in Ryder v. Parker, 219 Mass. 525, 527. Therefore, the defendant’s above requests for rulings should have been given. It is unnecessary to consider the other requests for rulings made by defendant.
Finding for plaintiff reversed and judgment ordered for defendant.