SARAH BROW *vs.* HARRISON BRIGHTMAN.

Bristol. Oct. 23. — Dec. 4, 1883. FIELD & W. ALLEN, JJ., absent.

A father is not liable for the support of his minor child, after the custody of the child has been given to the mother by a decree of this court, under the St. of 1874, c. 205.

CONTRACT, upon an account annexed, for the board and care of the defendant's minor child. Writ dated March 16, 1882. The case was referred to an auditor, who found the following facts :

The plaintiff has boarded and partly cared for the minor child of the defendant for the period of time named in the account annexed to the declaration, namely, three hundred and twelve weeks. Most of that period the mother of the child, who lived with the plaintiff, was away in the daytime at work. During this time the plaintiff cared for the child; but the mother of the child took care of the child at night, and when she was not away at work. A fair price for the board and care furnished by the plaintiff to said child, under all the circumstances of the case, was an average of three dollars for each week during the whole time. The defendant has paid the plaintiff through his wife $35, which was applied by the plaintiff on this account.

The board and care was furnished under the following circumstances: The mother, previously to the birth of the child, came to live with the plaintiff, with the consent of the defendant, and remained there with her child, with his consent, until the date of the writ. He paid the board of the mother until about five weeks before the child was born. He never lived with the

plaintiff. He came to see the child at the plaintiff's house when the child was about ten months old, and never came there afterwards. Subsequently, he removed to Rhode Island, where he has since resided. He never offered to take the child or the mother, or to assume the care of either. On April 21, 1877, the mother, with the knowledge of the plaintiff, but without the knowledge of the defendant, obtained a decree of the Supreme Judicial Court giving her the custody of the child; and, on November 12, 1879, the mother, with the knowledge of the plaintiff, but without the knowledge of the defendant, obtained a decree of divorce from the defendant, with the custody of the child.

The auditor found that the defendant was liable to the plaintiff for the board and care of the child for 312 weeks at $3 per week, less the $35 paid by him, amounting to $901, with interest from the date of the writ, unless the obtaining of said decrees, or either of them, by the mother, relieved the defendant from liability from the time of the granting thereof.

At the trial in the Superior Court, before *Mason*, J., without a jury, the plaintiff contended that she was entitled to recover the amount found due by the auditor; and asked the judge so to rule. The defendant contended, and asked the judge to rule, that, if the plaintiff was entitled to recover at all, she was entitled to recover only from the time her claim began up to the time of the decree of April 21, 1877, or at most up to the time of the decree of November 12, 1879.

The judge ruled that the plaintiff was entitled to recover only up to the time of the decree of April 21, 1877; and found for the plaintiff in the sum of $175.78. The plaintiff alleged exceptions.

*J. C. Blaisdell*, for the plaintiff.

*H. K. Braley*, for the defendant.

COLBURN, J. By the common law of this Commonwealth, the defendant, if of sufficient ability, was under obligation to provide for and support his infant child. *Dennis* v. *Clark*, 2 Cush. 347. If this case depended upon the common law liability of the defendant, under the facts found by the auditor, the plaintiff would doubtless be entitled to maintain her action. *Reynolds* v. *Sweetser*, 15 Gray, 78.

By the decree of this court in 1877, under the St. of 1874, *c.* 205, and the further decree in 1879, upon the libel for divorce, the care and custody of his child were taken from the defendant and given to the wife. With these decrees in force, he had no right, either to take the child and support it himself, or to employ any one else to support it, without the mother's consent. The wife had no authority to bind the defendant by a contract for the support of the child, and no contract can be implied upon which the plaintiff can recover in this action. The remedy to secure such provision for the support of the child as the defendant might have the ability to furnish, was under a decree of this court, which it had ample authority to make, in either of the proceedings before it, as part of the original decree, or at any subsequent time. St. of 1874, *c.* 205. Gen. Sts. *c.* 107, § 33. *Hancock* v. *Merrick*, 10 Cush. 41. *Burrows* v. *Purple*, 107 Mass. 428. *Exceptions overruled.*