### James M. Baldwin *vs.* James W. Foster.

Middlesex. Nov. 12, 1884. — Jan. 9, 1885. Field, Devens, & Colburn, JJ., absent.

If a wife leaves her husband without justifiable cause, taking their minor child with her, and the husband is able and willing to support the child, and so informs the wife and a third person, with whom she places the child, the fact that the father makes no attempt to obtain the custody of the child does not of itself authorize the wife to pledge his credit for necessaries furnished to the child by such third person at the request of the wife.

Contract for board, lodging, and clothing, furnished by the plaintiff to the minor child of the defendant. Writ dated May 26, 1883. Trial in the Superior Court, before *Pitman,* J., who allowed a bill of exceptions, in substance as follows:

On December 27, 1879, the wife of the defendant left his house, without legal justification, taking with her said child of the defendant, then six years of age, and went with it to the house of the plaintiff, who was her father. At the time of so

leaving, both parties were living together as husband and wife in Malden, in this Commonwealth, and, after this, the wife returned to Malden and continued to live there with the child, apart from the defendant, for the period of about eight months, during which time the defendant continued to live in the same house which his wife had left.  The defendant testified that he was willing to allow his wife to return to him at any time she desired so to do, and that he so notified her in writing; that, during the eight months they were living apart from each other in Malden, the defendant met his child several times upon the public street, and, on one occasion, bought him a pair of shoes, and also had interviews with the child at a public school in Malden; that, at the time the defendant's wife was living in Malden, the child visited the defendant and remained with him for about one week in Winthrop, and, at the expiration of that period, the defendant allowed the child to return to its mother at Malden; that about December 1, 1880, the wife moved to Wallingford, Connecticut, taking said child with her; and that ten months later, in October, 1881, the defendant went West on a business trip which was long continued, and arranged to have forwarded to him all mail matter which might be sent to his usual address.  He made no special provision for the care and maintenance of the child during his absence, but testified that he was always ready, willing, and able to make a suitable provision for it, whenever he should be notified of its whereabouts and could obtain its custody; and that, during his absence at the West, the whereabouts of the child was unknown to him, and he had no knowledge that it was not still in the mother's custody; and that the wife continued to live in Wallingford, and supported herself and said child until about November 20, 1881, when, according to her testimony, she became unable longer to support the child, and, on November 25, 1881, she requested the plaintiff to take the child, take care of him, and look to the defendant for his pay, which the plaintiff agreed to do; but she did not in any way notify, or attempt to notify, the defendant of her alleged inability to support the child any longer, nor that she intended to transfer, or that she had transferred, its custody to the plaintiff, nor did she make any offer to return the child to the defendant, or make any demand upon

him to take or support the child, she testifying that she at that time knew where the defendant was. The plaintiff, acting in accordance with said agreement, took the child and cared for it, furnishing it with board, lodging, and clothing from December 1, 1881, to the date of this action. The plaintiff testified that, on or about December 5, 1881, he wrote two letters to the defendant, addressing one of said letters to Everett, Massachusetts, and one to Malden, and in those letters stated that he had assumed the custody of said child, and should look to the defendant for the pay for such time as the child should remain in the plaintiff's custody ; that he properly stamped said letters, and deposited them in the post-office at Malden, and that they were never returned to him.

The defendant testified, that he never received either of said letters. On May 15, 1883, the defendant returned from Chicago and filed a libel for a divorce from his wife on the ground of desertion, and in said libel did not ask for the custody of his child or in any way mention its name ; that the libel was heard, and a decree nisi ordered, upon the ground of desertion, in favor of the defendant against his wife ; that, from the time when the wife left his house, the defendant had in no way tried to enforce his right to the custody of the child by commencing any legal proceedings.

The defendant also testified, that he notified his wife, and also the plaintiff, that he was ready and willing to make proper provision for his child ; that he desired and requested its return to his custody ; and that he should not be responsible for or pay any bills which might be contracted on the child's account while he was deprived of its care or custody ; but the receipt of any such notice was denied.

On the above evidence, the plaintiff asked the judge to rule as follows : " 1. The father had the right to the custody of the child, and could enforce such right by bringing a writ of habeas corpus, or by petition to the proper court, but in not bringing any such proceedings or attempting to enforce such right, he thereby suffered or allowed said child to remain with its mother, and by such neglect thereby constituted his wife his agent to provide for the necessities of the child. 2. If the mother had been guilty of misconduct, and the defendant allowed or suffered

the child to remain in her custody without attempting to enforce his right to the custody of the same, the father was liable to a third person who furnished necessaries in good faith upon his credit."

The judge refused so to rule, but instructed the jury as follows: " As the wife was living apart from her husband, against his will and without legal justification, she did not carry her husband's credit growing out of the marital relation for her own support, or that of their minor child. As there is no claim of any express contract on the part of the defendant, the plaintiff can only recover on the ground of an implied contract. If the father, in fact, was unable or unwilling to discharge his parental duty to the child of furnishing him with suitable board and clothing, the law would imply an obligation to reimburse a stranger who performed that duty. But, in order to a recovery on this ground, the fact of such neglect of duty must be established. If, notwithstanding the misconduct of the wife, the defendant voluntarily and knowingly suffered the child to live apart from him with the wife, and made no provision for its support, the jury might infer, in the absence of any proof to the contrary, that the defendant made her his agent to contract for necessaries, and might be liable to third persons who supplied such necessaries in good faith on his credit. It is not necessary that the defendant should bring a writ of habeas corpus or take other legal proceedings for the purpose of recovering the custody of his child. If the defendant had always been willing and able to support his child, and had requested the mother to return the child to his care any time after the desertion, she refusing so to do, he would not be liable to a third person who furnished necessaries to the child upon his credit at the request of the wife, and any person so furnishing the child with necessaries would do so at his own peril."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*R. R. Gilman*, (*J. F. Wakefield* with him,) for the plaintiff.
*E. W. Burdett*, for the defendant.

HOLMES, J.    There was evidence that the defendant's wife left him without cause, taking their child with her ; that the defendant was able and willing to furnish the child with a suitable

home, and to support it; that he notified his wife and the plaintiff that he was so able and willing; and that, when he was absent from the State, he arranged to have his letters forwarded so that he could always be reached through the mail. If this evidence was believed, there was no ground of necessity or implied authority on which the wife could pledge the defendant's credit to the plaintiff. *Dodge* v. *Adams*, 19 Pick. 429. *Hancock* v. *Merrick*, 10 Cush. 41. *Reynolds* v. *Sweetser*, 15 Gray, 78, 81. See *Angel* v. *McLellan*, 16 Mass. 28.

In *Bazeley* v. *Forder*, L. R. 3 Q. B. 559, it was conceded that a wife had no power to charge her husband for the support of a child, unless she was living apart from him justifiably, and her power to do it in that case was put on the ground that the reasonable expenses of the child were part of her reasonable expenses. But assuming it to be true, as laid down in several more or less considered dicta, that the law of Massachusetts imposes a duty upon a father to support his children, and that, when he wrongfully turns wife and children out of doors, his liability for the latter arises out of that duty, (*Reynolds* v. *Sweetser*, *ubi supra*, and *Brow* v. *Brightman*, 136 Mass. 187, 188,) still all the cases cited show very plainly that, when the wife leaves without cause, taking her child with her, the fact that her husband does not attempt to compel her to give up the custody of the child does not of itself authorize her to bind him for its support. The contrary suggestion to the jury in *Rawlyns* v. *Vandyke*, 3 Esp. 250, 252, was made in a case where the husband was regarded as substantially in the position of having turned his wife away, and at a time when fathers had an absolute right to the custody of their children, and could obtain possession of their persons by habeas corpus. Under our statutes, the rights of the father and mother, in the absence of misconduct, are equal, and the happiness and welfare of the children determine their possession. Pub. Sts. *c.* 147, § 36; *c.* 146, § 32. See *Dumain* v. *Gwynne*, 10 Allen, 270, 272.

The rulings requested by the plaintiff were wrong, and the instructions given were sufficiently favorable for him. See, further, *Kelley* v. *Davis*, 49 N. H. 187.

*Exceptions overruled.*