## CHARLES L. FOSS *vs.* LEON I. HARTWELL.

Essex.    November 4, 1896. — February 27, 1897.

Present: ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Contract neither Express nor Implied for Support of a Child.*

If a child, having been taken away from his father, without right, by the mother, who has married another man, voluntarily elects, when the choice is given him, to stay with his mother in her new home and her husband chooses to receive him, the husband has no right, without communicating with the father, to look to him for the child's support.

CONTRACT, for board and clothing furnished to the defendant's minor son, from March, 1891, to June, 1893. Trial in the Superior Court, before *Sherman,* J., who, at the close of the evidence for the plaintiff, ruled, at the defendant's request, that the action could not be maintained, and reported the case for the determination of this court. If the ruling was correct, the verdict was to stand ; otherwise, a new trial was to be granted. The facts appear in the opinion.

*J. C. Sanborn,* for the plaintiff.

*W. L. Thompson,* for the defendant.

LATHROP, J. The facts appear to be as follows. The defendant obtained a divorce from his wife in 1889, on the ground of her desertion. The custody of the son was awarded to neither of the parties, and neither asked for it. Both parties married again, the woman becoming the wife of the plaintiff. The boy, at the time of the divorce, was staying with his grandmother. Subsequently, in 1889, he went to live with his father, and was with him about two years, and attended school. On his way home from school, in 1891, he was met by his mother, who took him to the home of the plaintiff. The plaintiff's wife wrote to the defendant's wife a letter, stating that she had taken the boy home with her, and requesting that his trunk be sent to him. Some days afterwards the defendant, who had been away from home, returned, and it was arranged that an interview should take place between him and his son. The defendant, at this interview, asked his son what he intended to do. The boy

answered, " I come to see you about going away to school."
The defendant said, " Well, the schools of Lawrence were good
enough for me, and must be good enough for you." The boy
said, " All right." The defendant then asked him with whom
he preferred to live, his mother or himself, and the boy said
that, if he was not going to be sent away to school, he preferred
to live with his mother. The defendant replied, " Very well, I
will send your things to-morrow." On the following day the
trunk and personal effects of the boy were sent to him at the
plaintiff's house. The boy at this time was thirteen years old.
From that time until this action was brought, neither the plain-
tiff nor his wife made any demand upon the defendant for the
support of the boy, or had any communication with him upon
the subject.

There was no express contract on the part of the defendant
to pay the plaintiff for the support of his child; and we are of
opinion that the jury would not have been warranted in finding
that there was any implied contract. While the boy was living
with his father, and was supported by him, his mother saw fit
surreptitiously to take him to her home, and there he continued
to live down to the time this action was brought. The boy was
given the choice with whom he would live, and he selected his
mother. The most that can be said in favor of the plaintiff is
that the father did not dissent from this arrangement. Under
some circumstances, where a man and wife are living apart, it
may be that the man may be liable for the wife's support, and
for his child's support. This is undoubtedly true where the wife
leaves for a justifiable cause, and takes her infant child with
her. *Reynolds* v. *Sweetser*, 15 Gray, 78. *Bazeley* v. *Forder*,
L. R. 3 Q. B. 559. But he is not so liable where she leaves
without justifiable cause. *Baldwin* v. *Foster*, 138 Mass. 449.
Nor is he liable when the custody of the child is given to the
wife by a decree of court. *Brow* v. *Brightman*, 136 Mass. 187.

We have no occasion to consider whether or not, at common
law, a father is bound to support his minor child, or whether the
obligation is merely a moral one. If there is a legal obligation,
it must rest upon the ground that he is entitled to the custody,
the society, and the services of the child. He must also have
the right to determine where his child shall live. If a son

chooses to leave voluntarily his father's house and live else-
where, his father is not responsible for his support. *Angel* v.
*McLellan,* 16 Mass. 28. So, if a child is induced by another to
leave his father, without any necessity for so doing, the person
thus influencing him to leave would, in case he should furnish
supplies, have no cause of action against the father. *Dodge* v.
*Adams,* 19 Pick. 429, 432.

There is nothing in the case before us to show any abandon-
ment of the child by the father. It is simply the case of a child
taken away from his father, without right, by the mother, and
then voluntarily electing, when the choice was given him, to
stay with his mother in her new home. If the plaintiff chose
to receive him, he had no right, without communicating with the
defendant, to look to the father for the boy's support.

*Verdict to stand.*