HENRY GILLANDER'S (dependent's) CASE.

Hampden.    September 21, 1922. — October 11, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Dependency.    *Parent and Child.*

If a child twelve years of age, whose father had received injuries resulting in his
   death while in the employ of a subscriber within the provisions of the workmen's
   compensation act, for seven years before the father's death had been living
   apart from him with the mother, who had deserted the father and from whom
   two and one half years before his death the father had obtained on the ground
   of desertion a decree of divorce which made no provision as to the child,
   such child is not conclusively presumed to have been wholly dependent upon
   the father within the provisions of G. L. c. 152, § 32, cl. (d), because the
   father at the time of his death was not "legally bound to support" the child.

CERTIFICATION to the Superior Court under the provisions of
the workmen's compensation act of a decision of the Industrial
Accident Board that the claimant, a child twelve years of age of
Henry Gillander, deceased employee of E. J. Pinney, Inc., was
not conclusively presumed to have been wholly dependent upon
him for support, and awarding her partial compensation only.

The case was heard in the Superior Court by *King*, J.  Material
facts are described in the opinion.  By order of the judge, a decree
was entered in terms following the decision of the board; and the
claimant appealed.

*J. H. Mulcare*, for the claimant.

*G. Gleason*, for the insurer, submitted a brief.

JENNEY, J.    The only question involved is whether Hazel
Gillander, a daughter of the deceased employee, twelve years old
at the time of her father's injury and death on March 23, 1920, is
conclusively presumed to have been wholly dependent upon him.

The single member of the Industrial Accident Board found
that the deceased was not legally bound to support his child at
the time of his death and that she was entitled only to compensa-
tion as partially dependent on him; this decision was followed by
the board.  A decree was entered in the Superior Court directing
payments to the daughter on the basis of partial dependency.
She has appealed therefrom.

The right to recover compensation is the creature of the workmen's compensation act. *Moran's Case*, 234 Mass. 152. Since St. 1919, c. 204 (see now G. L. c. 152, § 32, cl. d), children under the age of sixteen years are conclusively presumed to be wholly dependent upon a "parent who was at the time of his death legally bound to support" them, although they were living apart from him. The statute does not declare that all children under the age of sixteen living apart from a parent shall be considered as wholly dependent, but only those for whose support there is a legal obligation. It requires the establishment of the existence of the duty.

The material facts are: In 1913, the employee's wife deserted him and took their daughter to Canada. The child was then about five years old and ever since has lived with her mother. On the ground of desertion, the father obtained a decree for divorce which became absolute on August 21, 1917, and which made no provision as to the minor. The father was willing and desirous of providing her with a home and of caring for her, but did nothing to procure her return. He contributed $130 to her support during the year prior to his death. She has been with her mother since the desertion; and there is nothing to show that she has not been adequately maintained. These facts did not entitle the daughter to a finding that her father was legally bound for her support. *Dodge* v. *Adams*, 19 Pick. 429. *Brow* v. *Brightman*, 136 Mass. 187. *Baldwin* v. *Foster*, 138 Mass. 449. *Foss* v. *Hartwell*, 168 Mass. 66, 67. Nor did they indicate that he, being of sufficient ability, unreasonably neglected to support her. See G. L. c. 273, §§ 1, 8; *Commonwealth* v. *Acker*, 197 Mass. 91.

*Decree affirmed.*