### EDWARD THURMAN'S (dependent's) CASE.

Suffolk.    March 10, 1927.— April 6, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act*, Dependency.    *Parent and Child.*

If, over three years before an employee of a subscriber under the workmen's compensation act received injuries which resulted in his death, his wife had separated from him for justifiable cause, taking with her a daughter of the parties then about six years of age, and at the time of the injury and death the daughter and the mother were still living apart from the employee and in the home of another man who was supporting both of them, the daughter under G. L. c. 152, § 32 (d), nevertheless is conclusively presumed to be dependent upon the employee because at the time of his death he was legally bound to support her.

CERTIFICATION under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board granting compensation to the claimant as a dependent daughter of Edward Thurman, who received injuries resulting in his death while an employee of Tilo Roofing Company.

In the Superior Court, the case was heard by *Hammond*, J. The record discloses that the single member of the board, upon evidence which he reported, made, among others, the following findings of facts:

At the time of her father's death, the claimant was nine years and five months of age.

"In November, 1921, the employee and his wife quarreled

over the removal of a piano from the house, whereupon the employee announced that he was going to give up the house and move his furniture into the home of his father and mother, that his wife could go to live with them if she wanted to and, if not, she could go somewhere else. The wife chose to go somewhere else. When Mrs. Thurman separated from her husband she took the child, Florence, with her but kept the child with her only from November, 1921, until January, 1922. She then took the child to the home of the employee's parents and left the child there.

"On June 17, 1923, Mrs. Thurman met one Weeks in Charlestown and subsequently went to live with him at a house on Fourth Street, Chelsea. Sometime around March, 1924, Mrs. Thurman, the grandmother, took the child Florence to leave the child with its mother over night. The mother decided to keep the child and the next day told Mrs. Thurman that Florence was not coming back. From then on the child lived with her mother and the man who was living with and supporting her mother and at the time of the employee's death, was living with Mr. Weeks and her mother at Center Conway, New Hampshire.

"The employee was injured on February 6, 1925, and died February 14, 1925. On May 9, 1925, Mrs. Thurman was married to Mr. Weeks, the man with whom she had been living for over a year. . . .

"I have some doubt as to whether Mrs. Thurman (the present Mrs. Weeks) was justified in separating from her husband. Bearing in mind that this is a civil action and not a criminal one, I give the wife the benefit of the doubt and find that she was justified in separating from her husband in November, 1921."

The single member dismissed the claim.

On review the Industrial Accident Board granted the claim and ordered compensation, making the following material findings and rulings:

"The single member rightly found, which finding is affirmed, that the mother and claimant child were living apart for justifiable cause. The misconduct of the deceased employee, which consisted chiefly of refusing to support his

wife and child, continued up to his death. From the time when the wife and child left him he never contributed or offered to contribute to the claimant child's support.

"The child was six years old when the mother took her and left the deceased because of his habits and lack of support. The child was nine years old when her father, the employee, died. A child of this age is not chargeable with any wrongful act upon the part of the mother. Common experience teaches us that a child goes wherever its parent takes it and has no real choice in the matter. If the child were kidnapped and lived in a den of thieves, could it be said that this fact would relieve the father from his legal responsibility of supporting the child? We think not, and yet the single member's decision would seem to imply that because the mother was presumably living in adultery at the time the child was living with her, that relieved the father from his legal responsibility. . . .

"Whether or not the grandfather's home was a fit place for the child to live, and whether or not the mother of the child was justified in taking the child therefrom, and whether or not the mother was justified in taking the child to the home of Weeks, whom she later married, has no bearing upon the only issue, viz., whether the deceased employee was legally bound to support the child at the time of his death. . . .

"The failure of the deceased employee to support his child, thus justifying the mother in leaving the deceased employee, taking her child with her in 1921, was equivalent to a refusal by the father to support the child and to an abandonment of the child by the father. Because the mother, the grandparents, and later Weeks chose to assume the support of the child during the period from 1921 up until the date of the death of the employee did not in any way relieve the employee of the legal obligation to support his child, particularly in view of the fact that the reason of the mother and child leaving the employee was his failure to support the child and the additional fact that from that date until his death employee never supported the child, never offered to support the child, and never furnished a home for the child or requested the custody of the child."

By order of *Hammond*, J., a decree was entered "that the deceased employee, Edward Thurman, was not legally bound at the time of his death to support the said Florence A. Thurman" and dismissing the claim. The claimant appealed.

*G. Gleason*, for the claimant.

*J. E. Reagan*, for the insurer.

CARROLL, J. The employee received a fatal injury arising out of and in the course of his employment. His widow and a daughter nine years of age survived him. The question in the case is the dependency of the daughter. The single member found that the deceased employee was not bound to support her. This finding was reversed by the Industrial Accident Board. In the Superior Court a decree was entered dismissing the claim for compensation on the ground that the deceased employee was not legally bound to support the minor child. From this decree the claimant appealed.

At the time of the employee's death the wife and child were living apart from him for justifiable cause. The misconduct of the employee, which consisted chiefly of his failure to support the wife and child, continued up to the time of his death. It was found that, from the time the wife and child left him, he never contributed or offered to contribute to the child's support. The husband and wife separated in November, 1921. In January, 1922, the wife brought the daughter to the home of the employee's parents. The wife went to live with one Weeks, whom she married in 1925. In 1924 Mrs. Thurman removed the child to Weeks's house. The board found that the home of the employee's parents was not a suitable place for the child.

A child under the age of sixteen years is conclusively presumed to be dependent upon a parent who was at the time of his death legally bound to support her although living apart from the child. G. L. c. 152, § 32 (d). It was found as a fact that the wife was justified in separating from her husband. This being so, as the wife took the child with her, the husband was legally bound to support the child although she was living apart from him. *Reynolds* v. *Sweetser*, 15 Gray, 78.

In *Gillander's Case,* 243 Mass. 5, the wife deserted the husband, and it was not shown that she was justified in living apart from him. The father was willing and desirous of providing a home for the child and actually contributed toward the child's support. In the case at bar the father did nothing in the way of providing for the support of the child, and by his conduct justified the wife in leaving him and taking the child with her. *Miller's Case,* 244 Mass. 281, is to be distinguished from the case at bar. In the Miller case the wife obtained a divorce, the custody of the child being awarded to her. Under these circumstances the liability for the support of the child did not rest on the father. *Brow* v. *Brightman,* 136 Mass. 187. *Foss* v. *Hartwell,* 168 Mass. 66.

The finding of the Industrial Accident Board that the home of the grandparents was not a fit place for the child is a finding of fact which must stand as there was evidence to warrant it. Whatever wrong the mother may have been guilty of in living with Weeks during the lifetime of her husband, the child is not to suffer on that account; especially when the father made no provision for her and at no time requested her custody. She was under sixteen years of age and the father at the time of his death was legally bound to support her.

The decree is to be reversed and a decree entered for the claimant in accordance with the finding of the Industrial Accident Board.

*So ordered.*