EARL W. JOHNSON'S (dependent's) CASE.

Hampden.   September 20, 1945. — December 3, 1945.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Workmen's Compensation Act*, Dependency. *Parent and Child. Statute*, Construction.

The Legislature, by enacting St. 1919, c. 204, adding paragraph (d) to what is now G. L. (Ter. Ed.) c. 152, § 32, intended to modify paragraph (c) in so far as it had included, as persons conclusively presumed to be dependent for support on a deceased employee, his children who were not living with him at the time of his death and whom he was not then legally bound to support.

A fifteen year old child of divorced parents living with his mother, upon the death of his father from injury arising out of and in the course of his employment within the workmen's compensation act, G. L. (Ter. Ed.) c. 152, was not conclusively presumed to be dependent on the decedent unless, within paragraph (d) of § 32 of the act, the decedent was then legally bound to support him; paragraph (c) was inapplicable.

A father was not "legally bound to support" his fifteen year old child within G. L. (Ter. Ed.) c. 152, § 32 (d), where upon divorce of the parents custody of the child had been awarded to the mother and the father had been ordered to make specified payments to her for the support of the child.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Buttrick, J.*

In this court the case was submitted on briefs.

*E. J. Stapleton*, for the claimant.

*A. E. Quimby & M. J. Aldrich*, for the insurer.

DOLAN, J. This workmen's compensation case comes before us on the appeal of the claimant from the decree entered in the Superior Court dismissing her claim. The case was heard by a single member of the Industrial Accident Board upon a statement of agreed facts which may be summed up as follows: The employee died on April 23, 1943, as a result of injuries arising out of and in the course

of his employment. He was survived by his wife Zora H. Johnson, a daughter, the claimant Shirley Johnson, and his former wife Lena Johnson whom he had married in 1916, but from whom he was divorced on October 20, 1936, by decree nisi which became absolute at the expiration of six months from that date. He was legally married to his surviving wife on August 13, 1942. The decree nisi of divorce just referred to granted the care and custody of the claimant and two other minor children of the employee and his then wife to her, and directed that the employee pay to her the sum of $17 a week (for support) until the further order of the court. On February 11, 1943, that decree was modified by abating all arrearages, and it was ordered that the employee pay "to said Lena Johnson the sum of . . . $12 on Saturday of each and every week, for the support and maintenance of Doris Johnson and Shirley Johnson [the claimant], minor children of said parties, until the further order of the court." Doris Johnson was over eighteen years of age and self-supporting at the time of the injury of the employee. At that time the claimant Shirley was fifteen years and three months of age, having been born on January 23, 1928. Up to and at the time of the injury of the employee the claimant was living with her mother, the said Lena Johnson, under the terms of the decrees hereinbefore described, which were complied with by the employee. The insurer "accepted liability of the case" and entered into an agreement with the widow of the employee as to compensation under which she has been receiving $10 a week. Copies of the agreement have been filed with the board with a request that approval be withheld pending determination of the rights of the widow and the claimant under the act.

The single member of the board ruled that the claimant "is entitled to the conclusive presumption of total dependency" under § 32 (c) of G. L. (Ter. Ed.) c. 152, and that "she is to share equally with the widow . . . the compensation payable under § 31," and ordered that the sum of $12 a week be divided equally between the widow and the claimant. Orders for payments required under the decision were made by the single member of the board. A claim for

review having been filed by the insurer, the reviewing board affirmed and adopted the findings of the single member, and ordered payments in accordance therewith. Upon certification to the Superior Court the judge entered a decree dismissing the claim of Shirley and ordering that payments by the insurer in the amount of $10 a week to the widow of the employee be continued, fixing the amount due to her to the date of decree.

The decisive issue is whether the rights of the claimant are governed by G. L. (Ter. Ed.) c. 152, § 32 (c), or by paragraph (d) of that section. No question of actual dependency of the claimant is presented. Section 32, so far as here material, provides as follows: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she lives at the time of his death, or from whom, at the time of his death, the department shall find the wife was living apart for justifiable cause or because he had deserted her. The findings of the department upon the questions of such justifiable cause and desertion shall be final. (b) A husband upon a wife with whom he lives at the time of her death. (c) Children under the age of eighteen years (or over said age, if physically or mentally incapacitated from earning) upon the parent with whom they are living at the time of the death of such parent, there being no surviving dependent parent; provided, that in case of the death of an employee who has at the time of his death living children by a former wife or husband, under the age of eighteen years (or over said age, if physically or mentally incapacitated from earning), said children shall be conclusively presumed to be wholly dependent for support upon such deceased employee, and the death benefit shall be divided between the surviving wife or husband and all the children of the deceased employee in equal shares, the surviving wife or husband taking the same share as a child. The total sum due the surviving wife or husband and her or his own children shall be paid directly to the wife or husband for her or his own use and for the benefit of her or his own children, and the sums due to the children

by the former wife or husband of the deceased employee shall be paid to their guardians or legal representatives for the benefit of such children. (d) Children under the age of sixteen years (or over said age but physically or mentally incapacitated from earning) upon a parent who was at the time of his death legally bound to support although living apart from such child or children."

The insurer contends that clause (d) applies to the instant case and, arguing that the employee was not legally bound to support the claimant, contends that she is not entitled to the conclusive presumption of dependency. The claimant contends that paragraph (c) controls, and that paragraph (d) was not intended to cut down the rights accorded by § 32 (c) to children of a deceased employee by a former marriage whether they were or were not living with him at the time of his injury.

"Under the workmen's compensation act as originally enacted (St. 1911, c. 751, Part II, § 7) it was held in *Coakley's Case* . . . [216 Mass. 71] that if the employee was survived by a wife who was living with him at the time of his death and by children of such wife, and also by a child of a former wife who was under the age of eighteen years and who was living with him at the time of his death, such child by a former wife, having no surviving dependent parent, was conclusively presumed to be wholly dependent, as was the widow, and entitled to share equally with her the compensation payable under the act. It followed that, under § 7 as originally enacted, the children of the deceased who were also children of the widow were not conclusively presumed to be dependent because as to them there was a surviving parent; but, after the decision in *Coakley's Case*, apparently to remedy this inequality between children of the employee and the widow and children of a former marriage and for the purpose of permitting all children of the deceased to share equally in the payments of compensation under the act, § 7 was amended by St. 1914, c. 708, § 3" (*Holmberg's Case*, 231 Mass. 144, 146), so far as here material, into the form of the present § 32 (c). In the case just cited, which was decided after the enactment of St.

1914, c. 708, § 3, it was held that a son of the employee by a former marriage, who was under the age of eighteen years but was not living with his father at the time of the latter's death, was conclusively presumed to be wholly dependent upon him for support. And in *Gavaghan's Case*, 232 Mass. 212, 213–214, construing § 32 (c), the court said, "In the case of a child of a former wife or husband the Legislature considers neither the wealth, poverty, residence nor legal rights to support of that child, and concerns itself only with the question: Is the child under eighteen years of age, and if over, is he or she 'physically or mentally incapacitated from earning?' If under eighteen years of age or physically or mentally incapacitated from earning, the child is conclusively presumed by the terms of the act to be wholly dependent for support on the deceased employee."

The *Holmberg* case was decided on October 10, 1918, the *Gavaghan* case on February 27, 1919, and in each instance prior to the enactment of St. 1919, c. 204, inserting the present clause (d) in what is now § 32. It is to be presumed that the Legislature was familiar with the cases above referred to when St. 1919, c. 204, was enacted. *Devney's Case*, 223 Mass. 270, 271. It is apparent that in enacting that amendment the Legislature intended to change the law relative to the conclusive presumption of dependency in so far as it concerned children of a deceased employee not living with him at the time of his death whom he was not legally bound to support. In 1922, in *Gillander's Case*, 243 Mass. 5, where a child under the age of sixteen years was not living with the employee at the time of the latter's death, it was held that the conclusive presumption of dependency did not apply. No contention was made in that case that clause (c) remained unaffected in that respect as to children not living with the employee at the time of his death, and there was no discussion in the opinion of that subject. The only issue dealt with was whether the deceased employee at the time of his injury was legally bound to support the child within the meaning of clause (d), and it was held that he was not so bound. The same result was reached in *Miller's Case*, 244 Mass. 281, where on facts

identical, except as to parties, with those in the present case it was likewise held that at the time of his injury the employee was not legally bound to support the child within the meaning of clause (d), no contention having been made by the claimant, as here, that clause (c) was not modified by the terms of clause (d). In the cases just cited it was accepted by the court without discussion that clause (d) modified the provisions of clause (c) as to children living apart from the employee at the time of his death whom he was not legally bound to support. We have been referred to, and we have discovered, no decision of this court where any question of the effect of clause (d) upon inconsistent provisions of clause (c) has been raised or discussed in terms. In the only cases decided by this court since the insertion of clause (d) where the child or children were under the age of sixteen years and living apart from the employee at the time of his death, the court has applied the provisions of clause (d) without discussion, the only question dealt with having been whether in the circumstances of the case the employee at the time of his injury was legally bound to support such a child or children. That was so in *Craddock's Case,* 310 Mass. 116, 123–125.

The principles or rules governing the construction of a statute are well established. It is settled that a statute "as a whole ought, if possible, to be so construed as to make it an effectual piece of legislation in harmony with common sense and sound reason," *Morrison* v. *Selectmen of Weymouth,* 279 Mass. 486, 492; *Beloin* v. *Bullett,* 310 Mass. 206, 210; that it is to be interpreted in the light of the preexisting state of the law and the main object to be accomplished, *Acford* v. *Auditor of Cambridge,* 300 Mass. 391, 395; and that repeals by implication have never been favored by our law. *Commonwealth* v. *Bloomberg,* 302 Mass. 349, 352. And it is established that the workmen's compensation act is to be construed broadly, rather than narrowly, in the light of its purpose and, so far as reasonably may be, to promote the accomplishment of its beneficent design. *Donovan's Case,* 217 Mass. 76, 79. *Young* v. *Duncan,* 218 Mass. 346, 349. *Slavinsky* v. *National Bottling Torah Co.*

267 Mass. 319, 321. But it is also settled that, in construing a statute, its words must be given their plain and ordinary meaning according to the approved usage of language, *Brown* v. *Robinson*, 275 Mass. 55; *Dascalakis* v. *Commonwealth*, 244 Mass. 568, 570, and that the language of the statute is not to be enlarged or limited by construction unless its object and plain meaning require it. *Doane* v. *Phillips*, 12 Pick. 223, 226. Guided by the foregoing principles, we see no good reason for departing from the result heretofore reached by this court in the *Gillander* and *Miller* cases by necessary implication, doubtless because of the clarity of the language of clause (d). The promptness with which the Legislature enacted clause (d) after the decisions of this court in the *Holmberg* and *Gavaghan* cases is highly significant of an intention on its part to modify the provisions of clause (c) in so far as they embraced children of an employee who were not living with him at the time of his death in case he was not then legally bound to support them. The language of clause (d) is plain and unambiguous. Thereunder the Legislature must be presumed to have understood that under clause (c) greater rights would be enjoyed by children under the age of eighteen years who were living with the employee at the time of his injury than were accorded to children who were not living with him at that time and whom he was not legally bound to support. This policy of the Legislature is not for us to question. In so far as clause (d) is inconsistent with clause (c) as to the subject matter, clause (c) must be taken to have been modified in that respect to that extent. See *Dexter* v. *Commissioner of Corporations & Taxation*, 316 Mass. 31, 37.

Since the claimant in the present case was not living with the deceased employee at the time of his death and it is settled upon the facts that he was not legally bound to support her at the time of the injury, *Miller's Case*, 244 Mass. 281, 284 (see *Di Clavio's Case*, 293 Mass. 259, 264), clause (d) is controlling and her claim was dismissed rightly.

*Decree affirmed.*