## HOWARD SMITH'S (dependents') CASE.

Suffolk. October 9, 1947. — December 17, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Workmen's Compensation Act*, Dependency. *Parent and Child. Words*, "Legally bound to support."

An employee, at the time of his death in 1945, was not "legally bound to support" children of his under sixteen years of age who then were in the custody of the department of public welfare as neglected children by commitment made under G. L. (Ter. Ed.) c. 119, §§ 42 et seq., without any order for payments by him to the department, and accordingly they were not conclusively presumed to be dependent upon him under § 32 (d) of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, as it then stood.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The insurer appealed from a decree entered by order of *Brogna,* J.

*W. G. Reed,* for the insurer.

*J. Bear,* for the claimants.

RONAN, J. This is an appeal from a final decree awarding compensation to the widow and minor children of Howard Smith, whose death occurred on January 22, 1945, as the result of an injury which arose out of and in the course of his employment. The insurer does not attack that part of the decree awarding compensation to the widow but contends that no award should have been made for the benefit of the children. These children, whose ages ranged from five to fourteen years at the time of the death of the employee, were adjudged on November 7, 1942, to be neglected children in proceedings under G. L. (Ter. Ed.) c. 119, §§ 42–47. The custody of them was given to the department of public welfare and has since continued. It does not appear that the employee since their commitment contributed anything toward their maintenance or support or that he had been ordered to make any payments to the department. See now St. 1943, c. 504, which inserted § 47A in c. 119.

The workmen's compensation act, G. L. (Ter. Ed.) c. 152, § 32, provides that the "following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee . . . (d) Children under the age of sixteen years (or over said age but physically or mentally incapacitated from earning) upon a parent who was at the time of his death legally bound to support although living apart from such child or children." The question is whether the employee was legally bound to support these children at the time of his death.

It has been frequently said that a father is entitled to the custody, society and services of his minor children and that he is under an obligation to maintain and support them, but that this obligation ceases if their custody is taken from

him. If, for instance, in divorce proceedings the custody is awarded to the wife without any order for the support of the child, the husband is free from this obligation while the order stands; but if the decree makes provision for the support of the child, then the husband's duty in this respect is measured by the decree. *Brow* v. *Brightman*, 136 Mass. 187. *Gillander's Case*, 243 Mass. 5. *Creeley* v. *Creeley*, 258 Mass. 460. *Barry* v. *Sparks*, 306 Mass. 80. *Zalis* v. *Ksypka*, 315 Mass. 479. If the wife deserts her husband and takes their minor child with her, the husband is not required to support the child while it is living away from him. *Baldwin* v. *Foster*, 138 Mass. 449. *Foss* v. *Hartwell*, 168 Mass. 66. On the other hand, if the wife for a justifiable cause leaves her husband and takes with her their minor child, the obligation of the husband to support the child still continues. *Reynolds* v. *Sweetser*, 15 Gray, 78. *Thurman's Case*, 259 Mass. 222. *Craddock's Case*, 310 Mass. 116. We have referred to these decisions as establishing the general principles governing the civil liability of a father to furnish support to a minor child who is living apart from him. We have not discussed the somewhat different and more drastic principles governing the criminal liability of a father to support a minor child — see G. L. (Ter. Ed.) c. 273 — for the reasons that the words "legally bound to support" as they appear in clause (d) have taken their meaning from the decisions cited and similar ones, and that their significance has not been influenced in any way by a consideration of these criminal statutes. Indeed it was said in *Miller's Case*, 244 Mass. 281, 285, where the custody of the minor child had been awarded to the wife and the husband was ordered to make weekly payment for her support, that § 8 of G. L. c. 273, providing that in a prosecution for nonsupport of a minor child "it shall not of itself be a defence that the defendant has ceased to have custody or the right to custody of such child on his own acquiescence or by judicial action," did not "warrant the inference that the Legislature intended thereby to change the established meaning of the words 'legally bound to support' as they are used in said § 32, cl. d of the workmen's compensation act."

See also *Johnson's Case*, 318 Mass. 741. A similar construction of these words in clause (d) was followed in *Gillander's Case*, 243 Mass. 5, where the child was living with her mother from whom her father had been granted a divorce for desertion and where the decree made no provision for the custody and support of the child. The liability of a father to support a minor child living with the mother, who had left her husband for justifiable cause or had been deserted by him, was determined in accordance with previous decisions at common law and his liability to support established in both instances so that the child was properly found to be wholly dependent upon the father as provided in clause (d). *Thurman's Case*, 259 Mass. 222. *Craddock's Case*, 310 Mass. 116.

The Legislature in enacting clause (d) did not create or alter any obligation imposed by law upon the father to support his minor child. It left the existing law in that respect as it found it, but it simply segregated in one group as children wholly dependent upon a deceased employee only those children living apart from the deceased employee whom he was legally bound to support in accordance with existing law. No distinction was made in the workmen's compensation act between minor children living with the employee and those who were not living with him until clause (d) was inserted in the act by St. 1919, c. 204, perhaps, as pointed out in *Johnson's Case*, 318 Mass. 741, 745, as a result of *Holmberg's Case*, 231 Mass. 144, and *Gavaghan's Case*, 232 Mass. 212. Since this enactment of St. 1919, c. 204, there has been no conclusive presumption of dependency of minor children living apart from the employee at the time of his death unless it be shown that he was legally bound to support them. It must be assumed that the Legislature in enacting clause (d) was familiar with the existing law which made liability to support largely dependent upon the right of custody. *Devney's Case*, 223 Mass. 270, 271. *Meunier's Case*, 319 Mass. 421, 425. The Legislature has recognized the hardship that has resulted to children living apart from their father in depriving them of the benefits of the workmen's compensation act because

their custody had been taken from him, and has ameliorated to some extent this unfortunate situation by amending clause (d) by St. 1947, c. 450, which provides that the children shall be conclusively presumed to be wholly dependent "upon a parent who was at the time of his death legally bound or ordered by law, decree or order of court or other lawful requirement to support such children although living apart from such child or children." Obviously this statute, having been passed after the death of the employee, cannot be applied to the present case. *Beausoleil's Case*, 321 Mass. 344.

We are constrained to reverse the decree, and a new decree is to be entered awarding compensation to the widow alone.

*So ordered.*