## Northern District

### No. 5319

**MARY H. ALEXANDER, PETITIONER**

**v.**

**JOHN R. ALEXANDER, RESPONDENT**

(August 12, 1960)

*Present:* Brooks, J. (Presiding), Northrup and Kelleher, JJ.

Case tried to *Mason, J.,* in the First District Court of Southern Middlesex. No. 47 of 1959.

*Kelleher, J.* This is a petition brought under the Uniform Reciprocal Enforcement

of Support Act, G. L. (Ter. Ed.) c. 273A as amended, by Mary H. Alexander, the wife, petitioner, and John R. Alexander husband, respond'ent, for support for herself and for their dependent minor child, John Robert Alexander, Jr.

The petition was initiated in the fifteenth Judicial Circuit Court in and for Broward County, State of Florida, and a petition for support was signed by the petitioner, Mary H. Alexander, in the First District Court of Southern Middlesex.

In his answer the respondent admits that the petitioner resides at 1088 South Gordon Road, Fort Lauderdale, Broward County, Florida; that the petitioner and respondent were married on or about April 25, 1955, at Fort Lauderdale, Florida; that the marriage has not been dissolved; that one child, who resides with the mother, was born on July 6, 1956. The respondent denies that he has unreasonably neglected and refused to provide support for the petitioner and child. Affirmatively, the respondent sets forth that the petitioner deserted him and is living apart without justifiable cause; that the petitioner, without justifiable cause removed from a suitable home provided for her and their dependent in Framingham, Massachusetts, to Fort Lauderdale, Florida.

Evidence was introduced tending to show: that the petitioner and respondent lived as husband and wife at No. 34 Linda Avenue, Framingham, Massachusetts, which premises

are owned by the parties as tenants by the entirety; that since October 9, 1958, the petitioner and dependent child have lived in Fort Lauderdale, Florida, with the petitioner's parents; that from April of 1958 until Oct. 9, 1958, the petitioner asserted that she did not love the respondent; that they had made a mistake in marrying; and that because of religious, social and educational differences their marriage had too many obstacles.

October 2, 1958, the petitioner filed in Middlesex Probate Court a petition for separate support, alleging that at Framingham in said County on or about the 1st of April, 1957, and at divers other times and places, her said husband was guilty of cruel and abusive treatment towards her; that she was actually living apart from him for justifiable cause, and that her husband failed, without justifiable cause, to provide suitable support for her, and prayed that the court by its order prohibit her said husband from imposing any restraint on her personal liberty and make such order as it deemed expedient concerning her support and care, custody and maintenance of said minor child. On October 2, 1958, the petition was set down for a hearing. The petitioner not appearing, said petition was dismissed.

The petitioner on leaving left a note in which she stated that she had to leave because of illness in the family and that she would see the respondent soon.

No requests for rulings were made by the petitioner.

The respondent requested that certain finding of fact be made. However, the court made no special findings of fact, but treated them as waived because it is not required to make special findings of fact.

At the close of the hearing and before final argument, the respondent made the following requests for rulings of law:

1. Duties of support applicable in this case, are those imposed under the laws of the Commonwealth of Massachusetts. G. L. (Ter. Ed.) c. 273A, §§3 and 4 c. 88, §88.081 Florida Statutes, Acts of 1955, as amended. *Keene v. Toth*, 335 Mass. 591.

2. A wife who leaves or deserts her husband without justifiable cause is not entitled to support from the husband.

3. A husband and father is not liable for the support of his minor child where the wife deserts her husband without justifiable cause and takes with her their minor child. *Baldwin v. Foster*, 138 Mass. 449; *Foss v. Hartwell*, 168 Mass. 66; *Smith's Case*, 322 Mass. 186.

The court granted respondent's request for rulings of law numbered 1 and 2, and denied respondent's request for ruling of law number 3 as an incorrect statement of law.

The court made no finding of a duty of support for the petitioner Mary Alexander, but found a duty of support for John Robert Alexander, Jr. minor son of the respondent, and made an order for the payment of $60.00 per month for the support and maintenance of the said John Robert Alexander, Jr.

The respondent, claiming to be aggrieved by the court's denial of the respondent's request for ruling of law number 3, namely "a husband and father is not liable for the support of his minor child where the wife deserts her husband without justifiable cause and takes with her their minor child".

The "duty of support" as defined by the Uniform Reciprocal Enforcement of Support Act is "any duty of support imposed by law or by any court order, decree or judgment, whether interlocutory or final, whether incident to a proceedings for divorce, legal separation, separate support or otherwise".

G. L. c. 273A, §4 provides "duties of support enforceable under this chapter are those imposed under the laws of any state in which the alleged obligor was present during the period for which support is sought or in which the obligee was present when the failure to support commenced".

By G. L. (Ter. Ed.) c. 273, §1, a duty is imposed on any father who unreasonably refuses to provide for the support of his minor children and provides a sentence for failure to do so.

G. L. (Ter. Ed.) c. 273, §8 provides in effect that it shall not be a defense in a proceeding for support that the defendant did not have custody of said child *on his own acquiescence* or by judicial action and the duty continues regardless of absence of a court decree ordering payment and regardless of a decree granting custody to another.

The only restriction is when a court has granted custody of the child to another and ordered the father to pay a certain sum for his support he "shall not be obligated in excess of that amount."

The father has the primary obligation to support and maintain minor children.

We are of the opinion that G. L. 273, §1 imposes a duty on the father to support his minor children, no matter where they may have been taken by the mother.

In the case of *Maschauer v. Downs,* 289 Fed. 540 320 ALR 1461 the court said

"when we come to consider the liability of the father where the mother without just cause, departs from his home and takes with her a child of tender years, who is incapable of deciding what course he should pursue, the question is difficult". "We think, however, it would be a harsh rule to impute to such a child the wrongful conduct of the mother". "We do not think that the conduct of the mother, if improper, should be charged to the child". ·

No error having been committed in the court's denial of the respondent's request for ruling of law number 3, the following order is to be entered "Report Dismissed".

Edward R. Lembo of Framingham, for Respondent.
No brief or argument for Petitioner.