## ALFIO RUBINO'S CASE.

Essex.   October 2, 1951. — November 28, 1951.

Present: QUA, C.J., WILKINS, SPALDING, & WILLIAMS, JJ.

*Workmen's Compensation Act*, Dependency.   *Husband and Wife*, Dependency.   *Parent and Child.*   *Evidence*, Presumptions and burden of proof.

A conclusion that the wife of an injured employee was not a dependent of his at the time of injury within § 35A of the workmen's compensation act, as appearing in St. 1946, c. 553, was justified where it appeared that he had emigrated to this country, leaving her residing in a foreign country in a house owned by her, several months before the injury and that she had received no support from him during that period.

Neither the context nor specific provisions of § 35A of the workmen's compensation act, as appearing in St. 1946, c. 553, require a meaning of persons dependent in fact different from that stated in § 1 (3) of the act, although the reference to the "earnings" of the employee appearing in § 1 (3) does not appear in § 35A.

In the absence of evidence warranting a finding by the Industrial Accident Board that an injured employee was not legally bound to support his children under the age of eighteen years from whom he was living apart at the time he was injured, the children were conclusively presumed to be dependent upon him under § 35A (c) of the workmen's compensation act, as appearing in St. 1946, c. 553, and it was not open to the board to determine their dependency as a fact; whether he had contributed to their support since living apart from them was immaterial.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Beaudreau*, J.

*H. Hershfield*, for the claimant, submitted a brief.

*E. Z. Dymsza*, (*E. C. McCabe* with him,) for the insurer.

WILKINS, J.   The employee appeals from a decree dismissing his claim for dependency compensation.   He was injured on May 3, 1949, and has been receiving weekly total incapacity compensation.   The question concerns the dependency of a wife and three children under the age of eighteen, who are in Italy, residing in a house owned by her. He emigrated to this country in January, 1949.   The reviewing board adopted the findings and decision of the single member.

General Laws (Ter. Ed.) c. 152, § 35A, inserted by St. 1945, c. 717, as appearing in St. 1946, c. 553, provides: "Where the injured employee has persons conclusively presumed to be dependent upon him or in fact so dependent, the sum of two dollars and fifty cents shall be added to the weekly compensation payable under sections thirty-four, thirty-four A and thirty-five, for each person wholly dependent on the employee . . . .   For the purposes of this section the following persons shall be conclusively presumed to be wholly dependent for support upon an employee: — (a) A wife upon a husband with whom she lives at the time of his injury. . . . (c) Children under the age of eighteen years if living with the employee at the time of his injury, or, if the employee is bound or ordered by law, decree or order of court, or by any other lawful requirement, to support such children, although living apart from them. . . . In all other cases questions of dependency shall be determined in accordance with the fact as the fact may be at the time of the injury. . . ."

In the report of the single member the following appears: "The employee states that during the months of February and March he worked for one Grasso, a small contractor, and he received for work done during that period $150 to

$160. In April, 1949, he went to work for the Rex Macaroni Products Company, Inc., and worked for that concern until he was injured. He further states that he sent money to his wife four or five times, totaling $60 or $70. However, he did not present any documentary evidence of such payments, such as cancelled checks or receipts of postal money orders to support his testimony. I am not satisfied from the evidence that the employee has sustained the burden which is his that his wife and three children, living in Italy, were wholly dependent for support on contributions from his earnings since his coming to this country, and I so find as a fact. I am therefore constrained to deny his claim for dependency compensation."

The use of "therefore" shows that the denial of dependency compensation was based upon the finding that the employee had not sustained the burden of proof as to the fact of dependency. *Mahoney* v. *C & R Construction Co.* 311 Mass. 558.

1. So far as the wife is concerned, there was no error. Since she was not living with her husband at the time of the injury, *Gorski's Case*, 227 Mass. 456, 458, her dependency was not conclusively presumed under § 35A (a), but was a question of fact. The evidence did not require a finding that she was receiving support from the employee at the time of the injury. The employee's testimony as to payments could have been disbelieved. The finding was, in substance, that the wife had received no support from the employee since his arrival in this country. That was sufficient basis for a conclusion that she was not a dependent. *Di Clavio's Case*, 293 Mass. 259, 263.

The employee seeks to draw a distinction between § 35A and § 31 in that the latter section provides, in case of death of the employee, that payments are to be made to certain persons "wholly dependent upon his earnings for support at the time of his injury." See *Derinza's Case*, 229 Mass. 435, 445–447. It is argued that the wording "earnings" does not appear in § 35A. But that word also does not appear in § 32, which also relates to who are dependents.

In *Gleason's Case*, 269 Mass. 583, 584, it was said of § 32, "But this section when considered with the other provisions of the act merely determines which of the persons who are defined as dependents in § 1 (3) of the statute shall be conclusively presumed to be wholly dependent. The conclusive presumption applies only to those who can bring themselves within the classification of dependents under the section last referred to." We are of opinion that, similarly under § 35A, the factual determination of dependency, in cases to which the conclusive presumption does not apply, must follow in harmony with § 1, which reads, "The following words as used in this chapter shall, unless a different meaning is plainly required by the context or specifically prescribed, have the following meanings: . . . (3) 'Dependents', members of the employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee for support at the time of the injury." No different meaning is plainly required by the context or specifically prescribed in § 35A.

2. We think that there was error with respect to the children. It is presumed that in all civilized countries a parent is obliged to support his minor children. *Vogel's Case*, 257 Mass. 3, 6. The minor children, in the absence of some reason why the employee was not bound to support them, were conclusively presumed to be dependents under § 35A (c). Unless, therefore, there was evidence warranting a finding that he was not so bound, it was not open to the board to decide the children's dependency as a fact, and it was of no consequence whether he had contributed to their support since his arrival in this country. Unlike *Johnson's Case*, 318 Mass. 741, *Smith's Case*, 322 Mass. 186, and many cases cited therein, there was nothing in this record suggesting any ground because of which the employee did not continue under the normal parental obligation to support his minor children. The insurer, on the other hand, contends that the board's finding as to the children was warranted in the absence of evidence which compelled a finding that at the time of the injury the employee was entitled to

custody. We think, however, that, the existence of children under the age of eighteen having been shown, a fact which was admitted by the insurer, it was not incumbent upon the employee to proceed with other evidence to negative every conceivable possibility why he was not entitled to their custody.

3. The decree is reversed, and a decree is to be entered remanding the case to the Industrial Accident Board for further proceedings in conformity with this opinion.

*So ordered.*