JOHN. DiBLASI'S CASE.

Suffolk.    October 9, 1952. — November 6, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Amount of compensation.

Dependency payments received by an injured employee under § 35A, as amended, of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, are not to be included in computing the maximum amount of compensation for total and partial incapacity payable under §§ 34 and 35, as amended.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Goldberg,* J.

*Laurence S. Locke,* for the claimant.

*Thomas A. L'Esperance, Jr.,* for the insurer.

RONAN, J.    This is an appeal by the employee from a decree entered in the Superior Court dismissing his claim for further incapacity compensation under G. L. (Ter. Ed.) c. 152, §§ 34, 35, as appearing in St. 1946, c. 321, §§ 1, 3, and for further dependency payments under § 35A, inserted in said chapter by St. 1945, c. 717, on the ground that he has already received the maximum of $10,000 under said §§ 34 and 35.

The employee was injured on September 5, 1946, and was paid at the rate of $25 on account of total incapacity and dependency compensation amounting to $22.50 up to March 10, 1948, when payments continued for partial incapacity at the rate of $25 and dependency compensation of $22.42, which with an earning power of $30 totaled $77.42, the amount of his average wages when he was injured. Thereafter, compensation with minor changes was paid until October 29, 1950, when the insurer stopped payments, having paid compensation on account of total and partial incapacity in the sum of $5,422.82 and for dependency in

the sum of $4,577.18, or $10,000, which it contends is all that it was required to pay under said §§ 34 and 35.

The Industrial Accident Board ordered the resumption of weekly incapacity payments of $25 and of weekly dependency compensation at $17.50.

It is convenient to start with St. 1945, c. 717, which made material changes in the workmen's compensation law. It amended § 34 regulating compensation for total incapacity by increasing the rate of compensation, by eliminating the period during which compensation could be paid, and by increasing the maximum amount to $7,500. It made similar changes in § 35 regulating payments for partial incapacity and provided that "the amount of such compensation shall not be more than seventy-five hundred dollars." Both of these sections were further amended by St. 1946, c. 321, §§ 1, 3, by increasing the rates of compensation and by substituting $10,000 for $7,500, and these sections as then amended were in force at the time of the injury.

Section 34A providing for payment on account of permanent and total incapacity was amended by St. 1945, c. 717, and by St. 1946, c. 321, § 2, which was in effect when the injury was received. As amended by both of these last mentioned statutes § 34A provided that while the incapacity for work "is both permanent and total the insurer shall pay to the injured employee, following payment of the maximum amount of compensation provided in sections thirty-four and thirty-five, or either of them," compensation at a certain rate.

Section 35A was inserted into c. 152 by St. 1945, c. 717. This new section, which was in force when the employee was injured, provided: "Where the employee has dependents, the sum of two dollars and fifty cents shall be added to the weekly compensation under sections thirty-four, thirty-four A and thirty-five, for each person wholly dependent, as defined in section thirty-two, but in no case exceeding his weekly wage at the time of injury."

It is to be noted that §§ 34 and 35 are concerned entirely with fixing the rates of compensation and provide that the

total payments shall not exceed $10,000. They make no mention of any payments except those for incapacity compensation. The payments that §§ 34 and 35 provide for and for which a total of $10,000 is prescribed, relate only to the payments on account of incapacity. Neither section refers to any other kind of payment. Moreover, § 35A provides that the dependency compensation shall be added to the weekly compensation under §§ 34, 34A, and 35. It could hardly be expected that dependency payments should be considered as incapacity compensation under §§ 34 and 35, and not under § 34A. It would be strange if dependency payments should be considered as included in incapacity compensation for a partial incapacity or for a total incapacity and not for a total and permanent incapacity. Payments of this last character are to be made under § 34A "following payment of the maximum amount of compensation provided in sections thirty-four and thirty-five, or either of them." No reference is made to payments under § 35A. The maximum compensation referred to, we think, is compensation for loss of earning power of the employee. Compensation for dependents has no relation to earning power or loss of wages, but is at the same definite rate in all cases for each minor child under eighteen years. The amount for each child is obviously insufficient to support a minor child but is given as an aid to assist the injured parent in doing so. The amount for the children "shall be added to the weekly compensation." It is paid on account of the children and perhaps in a remote sense for their benefit. Indeed, § 35A was amended by St. 1946, c. 553, which became effective about a week after the injury in the instant case and provided for the payment directly to the dependents. *Rubino's Case*, 328 Mass. 129.

The only limitation imposed upon adding the dependency compensation to the incapacity compensation is the provision in § 35A, as appearing in St. 1945, c. 717, "but in no case exceeding his weekly wage at the time of injury." See *Kaczmarczyk's Case*, 328 Mass. 9.

It is significant that there is no provision that the aggregate of compensation for temporary total and partial incapacity under §§ 34 and 35 plus the additional dependency payments should not exceed the express maximum of $10,000. We can only construe these sections as they stand in the light of their purpose and beneficent aim. *Young* v. *Duncan*, 218 Mass. 346, 349. *Ahmed's Case*, 278 Mass. 180, 184. *Warren's Case*, 326 Mass. 718, 719.

It follows that the final decree is reversed and a decree is to be entered for the employee in accordance with the finding of the board. Costs under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, shall be allowed by the single justice.

*So ordered.*