*Edward A. Brodeur*, pro se.
*John J. George*, for the plaintiff.

ALFRED M. FISH, administrator, vs. GILCHRIST COMPANY. May 9, 1957. Exceptions overruled. The plaintiff excepted to the setting aside of a verdict for the plaintiff under leave reserved. The action was in tort for injuries sustained by the plaintiff's intestate when she tripped on a display sign on the fifth floor of the defendant's store on February 15, 1952. The evidence taken most favorably for the plaintiff showed as follows: The plaintiff's intestate "struck her left foot on the base of this sign" as "she looked up at the indicator lights over the elevators." She had not seen the sign before this. It was made of dark metal, with a heavy base about two feet square, about waist high with a rectangular top affording a place for a display sign which was empty. The sign was near a display of hassocks which "was very disorderly and projected out about 6 feet into the main aisle leading to the elevator." There was no direct evidence that the sign was not in plain sight of one looking in its direction and no evidence tending to show that the wide aisle was congested or unreasonably reduced in size. The absence of a display card, the color of the sign and the fact of the accident suggest the possibility that the sign did not stand out from the background, but that fact cannot be

taken as shown for it is just as likely that the accident happened because the plaintiff's intestate continued to move forward while looking at the elevator lights and not in the direction of her steps. We think the case stands with *Letiecq* v. *Denholm & McKay Co.* 328 Mass. 120, and the cases there cited, in which it was held that as matter of law no negligence was shown. The plaintiff also excepted to a denial of a motion to strike certain of the defendant's answers to interrogatories and to order the defendant to answer further. No error is shown. We construe the motion as one for further answers under Rule 36 of the Superior Court (1954). The bill of exceptions does not state that it contains all the facts relevant to the issue. *Gaw* v. *Hew Construction Co.* 300 Mass. 250. 251–252. *Williamson* v. *Feinstein*, 311 Mass. 322, 326. *Schnepel* v. *Kidd*, 332 Mass. 137. An inspection of the docket entries shows that the motion was filed more than thirty days after the answers had been "duly filed" without allowance by the court of further time therefor as required in such case by Rule 36 of the Superior Court (1954).

*Everett A. Grant*, (*James P. McNamara* with him,) for the plaintiff.
*Daniel A. Lynch*, (*David L. Whitney* with him,) for the defendant.